UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JENNIFER COLSON

    Plaintiff,

v.

FOCUS FINANCIAL SERVICES

    Defendant.
_____/

# COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c). Venue in this District is proper because Plaintiff resides here and Defendant filed their lawsuit in this District.

## PARTIES

3. Plaintiff, JENNIFER COLSON is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, FOCUS FINANCIAL SERVICES., is a corporation with its principal place of business at 3800 S. Congress Avenue, Suite 3, Boynton Beach, Florida 33426.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from an obligation to South Florida Center for Gynecologic Oncology (SFCGO) incurred primarily for personal, family or household purposes.

11. Plaintiff, JENNIFER COLSON, is the sole obligor on the alleged debt.

12. On or about November 19, 2014, Plaintiff received a bill from SFCGO which reflected a balance allegedly owed by Plaintiff in the amount of $65.90. The amount of the original alleged balance was $59.91.

13. On or about December 14, 2014, Plaintiff received another bill from SFCGO which reflected a balance allegedly owed by Plaintiff in the amount of $65.90.

14. On or about December 14, 2014, Plaintiff received correspondence from SFCGO that informed Plaintiff that if her debt was assigned to an outside collection agency, a 35% fee would be added to the balance of her debt.

15. On or about March 13, 2015, SFCGO sent a further bill, which included additional interest, as a result the total amount of the balance allegedly outstanding has increased to $88.97.

16. On January 22, 2015, Defendant sent a letter to Plaintiff to collect a sum of $120.10 which included amounts for interest and collection charges.

17. Defendant sent further communication to Plaintiff on May 5, 2015 attempting to collect an alleged debt in the amount of $120.10 which included amounts for interest and collection charges.

18. Neither the amount of the collection fee nor the interest being claimed as owed is expressly permitted by the agreement creating the debt.

19. Defendant violated 15 U.S.C. §1692(f)(1) in that Defendant used unfair and unconscionable means to collect a debt to wit; Defendant attempted the collection of an amount (including interest, fees, charges or expenses incidental to the principal obligation) in which such amounts were not expressly authorized by any agreement creating the debt or permitted by law.

## COUNT I
## DEFENDANT USED UNFAIR AND UNCONSCIONABLE MEANS TO ATTEMPT TO COLLECT A DEBT

20. Plaintiffs incorporate Paragraphs 1 through 19.

21. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant used unfair and unconscionable means to attempt to collect a debt in contravention of 15 U.S.C. §1692f(1), which states in part that:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

WHEREFORE, Plaintiff, JENNIFER COLSON, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSELY REPRESENTING THE CHARACTER, AMOUNT OR LEGAL STATUS OF ANY DEBT.

22.    Plaintiff incorporates Paragraphs 1 through 19.

23.    Defendant falsely represented the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692(e) which states in part

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
 (2) The false representation of –
    (A) the character, amount, or legal status of any debt;
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

WHEREFORE, Plaintiff, JENNIFER COLSON, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper

## COUNT III
## VIOLATION OF FDCPA: 15 U.S.C. 1692e(2)(a) – USURY

24.    Plaintiff  incorporates Paragraph 1 through 19 above

25.     Defendant has violated 15 U.S.C. §1692e(2)(a) and 15 U.S.C. §1692e(10) in that Defendant has misrepresented the character, amount and legal status of a debt by claiming that Defendant can collect from Plaintiff the sum of $120.10.

26.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has charged a usurious rate of interest in that Defendant has charged a rate of interest higher than 18% in contravention of Florida Statutes §687.03(1) which states in part:

> "Except as provided herein, it shall be usury and unlawful for any person, or for any agent, officer, or other representative of any person, to reserve, charge, or take for any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money, or other obligation a rate of interest greater than the equivalent of 18 percent per annum simple interest, either directly or indirectly, by way of commission for advances, discounts, or exchange, or by any contract, contrivance, or device whatever whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of the equivalent of 18 percent per annum simple interest."

27.     Defendant was attempting to collect interest at a rate of forty-five (45%) percent.

28.     Defendant had no legal right to collect the sum sought by Defendant because the collection of such a sum is barred by Florida's usury statute.

WHEREFORE, Plaintiff, JENNIFER COLSON, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

JENNIFER M. COLSON, ESQ.
Attorney for Plaintiff

Post Office Box 50028
Lighthouse Point, FL 33064
Telephone: 954-784-2290
Facsimile: 954-784-2770
jcolson@jennifercolsonpa.com

Dated: October 20, 2015

By: s/ Jennifer M. Colson
Jennifer M. Colson, Esq.
Florida Bar No. 047783